## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4857 | **DATE** | 9/4/2012 |
| **CASE TITLE** | Laborers' Pension Fund, et al. Vs. Patching People, Inc. Et al. | | |

**DOCKET ENTRY TEXT**

Defendants partial motion to dismiss [74] is denied for the reasons stated below. Status hearing set for 9/27/2012 at 9:00 a.m.

■[ For further details see text below.]  Docketing to mail notices.

### STATEMENT

Defendants move for dismissal of Counts III and IV of the First Amended Complaint. For the following reasons, the motion is denied.

The Court assumes the reader's familiarity with this Court's oral ruling of November 4, 2010, and a bare minimum of details will be recited here. *See* Tr. of Proceedings, ECF No. 26. Plaintiffs allege ERISA violations against Defendants. On November 4, 2010, this Court found Plaintiffs had adequately alleged liability against Great Lakes Paving, Inc. and Parking Lots Plus, LLC on an alter ego theory and a single employer theory. Plaintiffs have since added further defendant companies. Not only have Plaintiffs made similar factual allegations against these new companies, but they have added additional allegations indicating further connections between the Defendant companies. For example, Plaintiffs alleged the same insurance policy covers multiple Defendant companies. The Court found the original allegations sufficient to proceed; the additionally-alleged facts only reinforce the sufficiency of the complaint regarding alter ego and single employer, even with respect to the new Defendants. Accordingly, Count III is not dismissed.

Count IV does tread new ground however. It alleges Defendants' corporate veils should be pierced to hold James A. Peterson personally liable. Veil-piercing is not a separate cause of action, but an equitable form of relief. *Laborers' Pension Fund, et al. v. Lake City Janitorial, et al.*, 758 F.Supp.2d 607, 618 (N.D. Ill. 2010). However, a party seeking that relief must ask for it in her pleadings. *Id.* To adequately allege veil-piercing is warranted, the plaintiff must allege (1) there is such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) circumstances must be such that an adherence to the fiction of a separate corporate existence would promote injustice or inequitable consequences. *Star Ins. Co. v. Risk Mktg. Group Inc.*, 561 F.3d 656, 660.

In *Lake City*, the court found veil-piercing adequately pleaded because, among other factors, plaintiffs pled

**STATEMENT**

that the individual defendant was the owner or managing officer of two companies, one with union fund obligations and the other without. *Lake City*, 758 F.Supp. 2d at 620-621. Plaintiff in *Lake City* alleged the individual defendant had the power to direct the activities of both companies. *Id*. The *Lake City* plaintiffs alleged the defendant corporate entities used the same employees and equipment out of the same location and that the corporation with the ERISA fund agreement held itself out as the as the non-union company in order to avoid union obligations. *Id.* Plaintiff in *Lake City* also alleged intermingling of funds and that the individual defendant profited individually as a result of the companies' disregard for corporate formalities. *Id*. All of those allegations are present in this case. While Defendants' contention that additional factors were present in *Lake City* is true, it does not follow that the allegations in this case are inadequate to survive the motion to dismiss. The plaintiffs in *Lake City* were obligated to plead more facts because the underlying claim in that case was one of fraud and both the underlying claim and the veil-piercing claim were subject to heightened pleading standards. Fraud is not alleged in this case; only statutory ERISA violations, so no heightened pleading standard is required. The Court is mindful that, at this stage, these are just allegations, and there may not be enough evidence to support a veil-piercing charge at summary judgment or trial. However, by *Lake City*'s standards, there is enough to proceed at this point. The motion to dismiss is denied in its entirety.

The Court notes that Defendants have attached several documents that it requests the court consider. Ordinarily, a motion to dismiss that asks the Court to consider evidence outside the pleadings must be converted to a motion for summary judgment. However, at the last court hearing on August 28, 2012, Plaintiffs vigorously disagreed with Defendants that discovery had proceeded satisfactorily. The Court will not wade into a discovery dispute uninvited, but it will also not, without further input from the parties, decide that the case is now ripe for summary judgment. To the extent the Court must consider Defendants' motion one for summary judgment, the Court denies it without prejudice until it is demonstrated that discovery is complete or that both sides have had adequate time and opportunity to complete it.